UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROGER A. WESCHER,

        Plaintiff,

v.

CHEM-TECH INTERNATIONAL,

        Defendant.

Case No. 13-CV-229-PP

---

**ORDER GRANTING MOTION FOR ATTORNEYS' FEES
AND COSTS (DKT. NO. 135)**

---

**INTRODUCTION**

      The plaintiff, Roger Wescher, represented himself until the court partially denied Chem-Tech's motion for summary judgment. Dkt. No. 73. About a month later, the court appointed counsel to represent him. Dkt. No. 75. The Cross Law Firm accepted the appointment. Dkt. No. 76. Several members at Cross Law Firm worked on the case: Katherine Holiday (lead counsel until her maternity leave); Janice Pintar (until leaving the firm on July 8, 2015); Mary Flanner (who succeeded Holiday and Pintar); and several law clerks and paralegals. Dkt. No. 136 at 3. The results of the efforts of these lawyers was that after a jury trial, the jury found in favor of the plaintiff and awarded him back pay in the amount of $90,000. Dkt. No. 121. The court awarded the plaintiff an additional equitable award of $81,949.33. Dkt. No. 152.

1

The plaintiff now seeks an award of attorneys' fees and costs. Dkt. No. 136. The plaintiff requests fees in the amount of $157,662.50, and costs of $3,669.51. Id. at 1. The court finds that the plaintiff's request is reasonable.

**DISCUSSION**

USERRA provides that a court may award fees and costs to the prevailing party's attorney. 38 U.S.C. §4323(h)(2). To be eligible for a fee award, a plaintiff must have prevailed on "any significant claim affording some of the relief sought." Texas Ass'n v. Garland, 489 U.S. 782, 791 (1989). Here, the plaintiff prevailed on his USERRA claim, and the jury awarded him $90,000, finding that his military service was a motivating factor in his termination and that Chem-Tech did not meet its burden of proving that it would have terminated the plaintiff otherwise. Dkt. No. 121. Post-trial, the plaintiff successfully obtained additional equitable relief from the court. Dkt. No. 152. The plaintiff prevailed on several significant claims affording some of the relief he sought, and therefore is eligible for a fee award.

Though the Cross Law Firm agreed to represent the plaintiff *pro bono*, both parties agree that this does not prevent the court from awarding fees and costs. Dkt. No. 136 at 5; Dkt. No. 142 at 4-5. In fact, both parties recognize that awarding fees may "serve the public purpose of encouraging representation by pro bono counsel . . . ." Dkt. No. 142 at 4; Dkt. No. 136 at 6. In order to encourage counsel to accept *pro bono* cases, this court will not exclude the firm from fee eligibility solely because it agreed to represent the plaintiff *pro bono*.

2

Cross Law Firm calculates its total fees at $166,387.50, and its total costs at $3,669.51. Dkt. No. 137-1 at 41. Recognizing that part of the time billed was due to the substitution of lawyers mid-case, the firm applied a fee reduction, resulting in total fees of $157,662.50. Id. The following chart shows the total fees for each person who worked on the case. Id.

**Time Summaries:**

| | | | |
|---|---|---|---|
| Nola J. Hitchcock Cross – Managing Attorney (NJHC) | 5.60 hours @ $395.00 | = | $2,212.00 |
| Mary C. Flanner – Associate Attorney (MCF) | 259.20 hours @ $325.00 | = | $84,240.00 |
| Janice Pintar – Associate Attorney (JP) | 45.80 hours @ $325.00 | = | $14,885.00 |
| Katherine Holiday – Associate Attorney (KH) | 129.70 hours @ $295.00 | = | $39,261.50 |
| William Wetzel – law intern (WW) | 4.00 hours @ $195.00 | = | $780.00 |
| Paul Schinner – law intern (PS) | 106.40 hours @ $195.00 | = | $20,748.00 |
| Israel Santa Maria – paralegal (ism) | 30.90 hours @ $125.00 | = | $3,862.50 |
| Rhea Geschke – paralegal (rng) | 4.20 hours @ $95.00 | = | $399.00 |
| **Total Fees before Reduction:** | | = | **$166,387.50** |
| Mary C. Flanner hours removed | 20 hours @ $325.00 | = | -$6,500.00 |
| Israel Santa Maria hours removed | 10 hours @ $125.00 | = | -$1,250.00 |
| Paul Schinner hours removed | 5 hours @ $195.00 | = | -$975.00 |
| **Total Fees after Reduction:** | | = | **$157,662.50** |

The court must determine whether the requested fees are reasonable. When evaluating fees resulting from fee-shifting provisions similar to 38 U.S.C. §4323(h)(2), the "lodestar" method is the typical starting point for determining the reasonableness of fees. A. Baurer Mech., Inc. v. Joint Arbitration Bd., 562 F.3d 784, 793 (7th Cir. Ill. 2009). The "lodestar" method involves multiplying a

3

reasonable hourly rate by a reasonable number of hours expended. Id. "Once this amount is calculated, the district court may adjust the amount up or down to take into account various factors regarding the litigation." Mathur v. Board of Trustees of Southern Illinois University, 317 F.3d 738, 742 (7th Cir. 2003) (footnote and citations omitted).

Chem-Tech states two reasons why this court should adjust the plaintiff's fees downward. Dkt. No. 142 at 2, 5. Neither is persuasive.

First, Chem-Tech argues that the court should reduce the fees because the Cross Law Firm achieved mixed results. Id. at 3. It argues that although the plaintiff successfully recovered back pay and equitable relief, the back pay awarded was less than the amount the plaintiff asked the jury to award, and the jury did not award willfulness damages. Id. The court declines to reduce the fees based on this rationale.

There is no way to know why the jury awarded $90,000, rather than the $120,000 the plaintiff requested. The court will not assume that the jury found the plaintiff's claim lacking in some way; perhaps the jury believed that the plaintiff "got the math wrong." Without any further information about how the jury came up with the back-pay amount, the court will not assume that the lower amount was the result of a failure on the part of counsel.

As for the argument regarding the jury's failure to award willfulness damages, a court need not make a deduction for unsuccessful claims when the claims share a common core of facts and are based on related legal theories. Graham v Sauk Prairie Police Comm., 915 F.2d 1085, 1109 (7th Cir. 1990).

"Instead, a court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation . . . . The fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." Id. The plaintiff's willfulness argument arose from the same set of facts that resulted in the back pay award. The court cannot separate the work done to achieve the back pay award from the work done to advocate for willfulness damages.

Second, Chem-Tech disputes the reasonableness of (1) the fees related to unnecessary discovery requests, (2) the reduction of repetitive fees, (3) the itemized costs, and (4) the attorney rates. Dkt. No. 142 at 5, 6, 7. The court does not find these arguments persuasive.

Chem-Tech argues that the court should not award fees generated by collecting "unnecessary" discovery. Id. at 5. As indicated above, the plaintiff represented himself from the date he filed the original complaint (March 1, 2013) through October 2014. The Cross Law Firm agreed to represent the plaintiff in early October 2014, after Judge Goodstein had ruled on the defendant's motion for summary judgment. Dkt. No. 76. After the firm came on board, the parties attempted mediation, but were not able to resolve the case. After the defendant answered the amended complaint (this one filed by counsel), the law firm filed a motion asking to reopen discovery. Dkt. No. 92. The firm argued that because the plaintiff had been representing himself during the discovery period, and because he was not a lawyer, he had not known what he could and could not ask for, or how to ask for it. After briefing

5

and hearings, the court concluded that it was appropriate to reopen discovery to allow counsel to seek information the plaintiff had not known to request. Dkt. No. 103.

Chem-Tech specifically references the discovery obtained after the court granted the law firm's motion to reopen discovery when arguing that the court should not award fees for the collection of "unnecessary" discovery. Dkt. No. 142 at 5. The firm responds that this allegedly unnecessary discovery uncovered helpful emails that counsel later used as trial exhibits. Dkt. No. 146 at 6. Beyond that, the court already has found, when it ruled on the motion to reopen discovery, that the discovery requests counsel made on the plaintiff's behalf were reasonable. Chem-Tech provides no explanation for why the court should change its mind, or its ruling, in that regard, and the court will not do so.

Chem-Tech also argues that the Cross Law firm's reduction of fees to account for duplicative work resulting from changing lead counsel is unreasonably low, because Attorney Flanner used her "billing judgment," rather than eliminating specific time entries. Dkt. No. 142 at 2. The court disagrees with the defendant's conclusion.

Attorney Flanner indicated that she spent 259.20 hours on the case, but subtracted twenty of those hours to account for the transition to her from Attorney Holiday. Dkt. No. 137-1 at 41. She also deducted ten hours of paralegal time and five hours of legal intern time. She employed an 8% reduction, rather than eliminating specific time entries. In her reply brief, she

6

describes the twenty-hour reduction for the transition between attorneys as "a billing judgment and courtesy due to the unexpected decision of Attorney Holiday not to return to work as planned." Dkt. No. 146 at 6-7.

The court reviewed the time entries from the period surrounding the attorney transition, and did not see any entries it considered duplicative. Dkt. No. 137-1 at 25. Even if Attorney Flanner had been lead counsel from inception, as a zealous advocate she still would have needed to review the pleadings and discovery before taking the case to trial. Dkt. No. 146 at 7; See Watson v. E.S. Sutton, Inc., 2006 WL 6570643 , *8 (S.D.N.Y. August 11, 2006) (finding that time getting up to speed on the case before trial was not duplicative because "any reasonable attorney would have reviewed the case file at that point in the litigation.") Even if the court had considered some of the time Attorney Flanner spent reviewing documents to be "duplicative," that time did not exceed twenty hours. The court finds that Attorney Flanner's 8% reduction was very reasonable, and her calculation of a percentage reduction rather than the use of itemized deductions to be efficient and fair.

Chem-Tech asserts that the allocations in the bill of costs make it difficult to assess whether the costs were reasonably expended in the litigation. Dkt. No. 142 at 7. In response, the Cross Law Firm submitted an amended bill of costs, dkt. no. 147-1; an amended spreadsheet of costs, dkt. no. 147-2; and a table of other costs, dkt. no. 147-3. The supplemental documents provide further itemization of the costs, and the court's review convinces it that the costs are reasonable.

7

Finally, Chem-Tech objects to the reasonableness of the hourly rates of the billing attorneys. Dkt. No. 142 at 7. It argues that the rates are not properly supported by affidavits concerning this district's market rates. Id. The Cross Law firm used their actual billing rates, dkt. no. 146 at 9, and provided affidavits from two local employment law attorneys (dkt. nos. 139—Janet Heins—and 140—Jeffrey Hynes) attesting to the reasonableness of those rates.

The Seventh Circuit "has allowed the party seeking attorneys' fees to create a presumption that an hourly rate is reasonable where the attorney demonstrates that the hourly rate she has requested is in line with what she charges other clients for similar work." Jeffboat LLC v. Dir. Office of Workers' Comp. Programs, 553 F.3d 487, 490 (7th Cir. 2009) (citing Mathur, 317 F.3d at 743). "However, if the district court decides that the proffered rate overstates the value of an attorney's services, it may lower [the rate] accordingly." Mathur, 317 F.3d at 743.

Chem-Tech does not challenge the actually rates billed by the relevant attorneys—only the evidence the firm provided to support the rates. Dkt. No. 142 at 7. The court finds that the firm provided sufficient evidence to support the reasonableness of its rates. See Dkt. No. 146 at 10-11. Chem-Tech did not provide any evidence that the firm's standard rates overstate the value of its services, and the court has no reason to conclude as much.

**CONCLUSION**

The court **GRANTS** the plaintiff's motion for attorneys' fees and costs. Dkt. No. 135. The court **AWARDS** the plaintiff reasonable attorney fees in the

8

amount of $157,662.50, plus reasonable costs and expenses in the amount of $3,669.51, for a total award of **$161,332.01**.

Dated in Milwaukee, Wisconsin this 3rd day of January, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge